## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Hon. Dan Aaron Polster, U.S. District Judge, presiding ("District Court"), Plaintiff Ebonique Lawrence, individually and on behalf of the Class Members, and Defendants Platinum Home Helper Services, Ltd., Platinum Rehabilitation Ltd. d/b/a Platinum Home Health Services, and Marc Vasil agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Ebonique Lawrence v. Platinum Home Helper Services, Ltd. et. al.*, Case No. 1:17-cv-01479.

2. "Representative Plaintiff" or "Plaintiff" shall mean Ebonique Lawrence.

3. "Defendants" shall mean Platinum Home Helper Services, Ltd., Platinum Rehabilitation Ltd. d/b/a Platinum Home Health Services, and all of its former, current and respective officers, directors, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities, and Marc Vasil.

4. "Class Members" shall consist of Representative Plaintiff Ebonique Lawrence and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms.

5. "Eligible Settlement Participants" consist of the 81 employees identified in Appendix 1 as "Eligible Settlement Participants" who have not already joined the case, and who are current and former non-exempt home health aides of Defendants who worked over 40 hours in one or more workweeks between July 14, 2015 and July 16, 2017, and who were paid their regular hourly rate, rather than the overtime rate of one and one-half their hourly rate for hours worked over 40.

6. "Parties" shall mean the Representative Plaintiff and Defendants, and "Party" shall mean any one of the Parties.

7. "Class Counsel" are Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm. "Defendants' Counsel" are Richard N. Selby, II and Jo A. Tatarko of Dworken & Bernstein Co., LPA.

8. "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

9. On July 14, 2017, Representative Plaintiff Ebonique Lawrence commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

10. In the Action, Plaintiff alleged that Defendants failed to pay their non-exempt home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

11. Defendants answered the complaint, admitting certain liability, but denying full liability, and disputing the damages asserted by Plaintiff.

12. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendants deny certain allegations.

13. Throughout the month of September 2017, the Parties engaged in informal yet comprehensive discovery regarding Plaintiff's claims and Defendants' defenses to such claims.

14. On September 25, 2017, during the Case Management Conference with Honorable Judge Dan Aaron Polster, the Parties reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

15. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

16. Class Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims against Defendants, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses. Defendants agree that the Settlement is fair, adequate and reasonable.

17. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have liability to Plaintiff on all of those claims.

## SETTLEMENT PAYMENTS

18. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is Two Hundred Thousand Dollars ($200,000.00), which sum will cover: (a) all of the Individual

Payments to the Class Members; (b) Representative Plaintiff's Class Representative Payment; and (c) Class Counsel's attorneys' fees and expenses.

19. **Settlement Payments to Class Members:** One Hundred Thirty Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($130,333.33) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members.

20. **Calculation of Individual Payments:** The Individual Payments will be calculated proportionally on each Class Member's overtime hours worked during the Calculation Period. After the Consent Period, $130,333.33 of the Total Eligible Settlement Amount will be divided among the Class Members.  The Class Members will receive no less than 78% of their overtime damages in the event that all of the Eligible Settlement Participants return their Consent and Release Forms and become Class Members, and no more than 100% of their overtime damages and liquidated damages.  The Individual Payments will be calculated by Class Counsel and approved by Defendants.  The number of overtime hours worked by each Class Member and the minimum and maximum settlement payments they will receive are provided in Appendix 1.

21. **Calculation Period:** The Calculation Period for the Class Members shall mean the period between July 14, 2015 and July 16, 2017.

22. **Reversion to Defendants:**  If after the Consent Period it is determined that each Class Member who opted into the Settlement will receive 100% of their overtime damages and 100% of their liquidated damages, then any portion of the $130,333.33 of the Settlement Payments to Class Members above said amount will be retained by Defendants.

23. **Treatment of Individual Payments:** Each Class Member's Individual Payment will be treated as payment for wages, and Defendants will issue to each Class Member an IRS Form W-2 for all amounts paid as wages under this Settlement.  Defendants will determine the proper tax withholding amounts on the wage payments in accordance with each Class Member's previously elected wage withholding instructions, and Defendants are responsible for payment of the employer's share of payroll taxes required by law.  If, after the Consent Period, it is determined that Class Members will be provided with any portion of their liquidated damages, such portion will be treated as such, and Defendants will issue an IRS Form 1099-Misc., in Box 3, for such amounts.

24. **Class Representative Payments:** Five Hundred Dollars ($500.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff as Class Representative Payment, in addition to her Individual Payment, in exchange for signing a general mutual release of all claims (proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement), including all pending claims, against Defendants.  Defendants will issue to Representative Plaintiff a Form 1099- Misc. with respect to the Class Representative Payment.

25. **Class Counsel's Attorneys' Fees and Expenses:** Sixty-Nine Thousand One Hundred Sixty-Six Dollars and Sixty-Seven Cents ($69,166.67) of the Total Eligible Settlement Amount will be paid to Class Counsel for attorneys' fees and expenses ($66,666.67 in fees and

$2,500.00 in expenses) incurred in the Action. Defendants will issue to Class Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

26. **Additional Consideration for Settlement:** As a material inducement for Plaintiffs to enter into the settlement evidenced by this Agreement, Defendants represent and warrant that:

> (i) in the event they solicit or are approached by any person or entity regarding the sale/purchase of any one of the Defendants' business, they will take all necessary steps to ensure that the proposed or actual purchaser of the Defendants' business has actual knowledge of the Defendants' obligations to Plaintiffs under this Agreement and that any purchase agreement expressly provide that such purchaser assume Defendants' obligations under this Agreement;
>
> (ii) in the event a bankruptcy proceeding is commenced by or against any one of the Defendants and the Defendant consents to or acquiesces in the filing or prosecution of a bankruptcy proceeding, Defendant agrees (in its capacity as a debtor-in-possession): (A) to promptly assume the obligations of Defendant as a debtor under this Agreement; and (B) to the extent that Defendant proposes a Plan of Reorganization, any such Plan shall contain provisions that protect and preserve the Defendant's obligations to Plaintiffs, as set forth in this Agreement;
>
> (iii) In the event any one of the Defendants seek court authorization to sell substantially all of its assets under Section 363 of the Bankruptcy Code, the Defendant (as debtor-in-possession) shall take all necessary steps to ensure that its obligations under this Agreement are assumed and assigned to any person or entity that purchases Defendant's assets;
>
> (iv) In the event a bankruptcy proceeding is commenced by or against any one of the Defendants, and the Defendant consents to or acquiesces in the filing or prosecution of a bankruptcy proceeding and if, at the time of commencement or following commencement of a bankruptcy proceeding, the Defendant fails to comply with the terms and conditions in this Agreement, Defendant (as debtor and debtor-in-possession) consents: (A) to the withdrawal of the reference from the bankruptcy court to the court having jurisdiction over this Action; and (B) to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code pursuant to an order that would be binding and enforceable in the Defendant Ch. 11 or Ch. 7 proceeding and in the event of a conversion from Ch. 11 to a Ch. 7 proceeding. Defendant agrees to take all actions necessary to afford such relief to Plaintiffs, including, without limitation, the execution

4

       of such documents and the filing of such papers as Plaintiffs may deem necessary or appropriate to obtain such relief; and

  (v)    Defendants acknowledge that Plaintiffs are expressly relying upon the terms of this Paragraph 26(i) through (v) as a material inducement to settle this Action.

## RELEASE OF CLAIMS

27. **Released Claims:** The Class Members will release Defendants from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Amended Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

28. **Released Period:** The Released Period for Plaintiff and the Class shall mean the period between July 14, 2015 and the date the District Court enters final approval.

29. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Class Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, administering the Notice to the Class, and obtaining a dismissal of the Action.  In consideration for these attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

30. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

31. **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

32. **Joint Motion for Approval of Settlement:** On or before October 10, 2017, the Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit D to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to Eligible Settlement Participants, approving the amounts payable to Class Members and Class Counsel, and entering judgment dismissing the Action with prejudice.

33. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, with each Party bearing its own costs.

## SETTLEMENT ADMINISTRATION

34. **Contact Information for Class Members:** Within five (5) days after the District Court grants final approval of the Settlement, Defendants will provide to Class Counsel a spreadsheet containing the names, last known addresses, last known email addresses, and last known phone numbers, to the extent that Defendants have this information, of the Eligible Settlement Participants, according to records maintained by Defendants.

35. **Distribution of Notice and Consent and Release Forms:** Class Counsel will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail and email, if available, within fourteen (14) days after the District Court grants final approval of the Settlement. Class Counsel will perform address updating through the National Change of Address Database before the notice is mailed. If any notices are returned as undeliverable, Class Counsel will make reasonable efforts to locate the Class Members and re-send the Notices.

36. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within thirty (30) days after the mailing of the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the thirty (30) day period to be timely.

37. **Filing of Consent and Release Forms:** Upon receipt of the executed Consent and Release Forms from Eligible Settlement Participants, Class Counsel will file them with the Court. Within seven (7) days after the consent period is completed, all of the Eligible Opt-In Party Plaintiffs' Consent and Release Forms must be filed with the District Court.

38. **Filing of Schedule of Individual Payments:** A Schedule of Individual Payments to the Class Members, calculated pursuant to paragraph 20, shall be filed with the Court within seven (7) days after the consent period is completed.

39. **Distribution of Payments**. The Settlement Amount will be paid in 36 monthly installments as follows. The first installment will be $3,000.00 and will be paid to Representative Plaintiff for her Class Representative Payment and to Class Counsel for their expenses as indicated in Paragraphs 24 and 25. The remaining 35 installments will be paid to Representative Plaintiff and Class Members as indicated Paragraph 20 and Class Counsel as indicated in Paragraph 25, and the total monthly installments will be as follows: (1) the second through sixth installments will be $3,000.00 per month; (2) the seventh through twelfth installments will be $4,000.00 per month; (3) the thirteenth through eighteenth installments will be $5,000.00 per month; (4) the nineteenth through thirty-sixth installments will be $7,111.11 per month

40. **Distribution of Individual Payments to Class Members:** Defendants will issue the Individual Payment checks payable to Representative Plaintiff and Class Members and mail them via First-Class Mail in 35 monthly installments. The first installment will be mailed within

45 calendar days after the Schedule of Individual Payments to the Class Members is filed.  The second installment will be mailed within 30 calendar days of the first installment.  The remaining 33 installments will be mailed within 30 calendars days after each previous installment.  Defendants will issue separate checks to each Plaintiff.  Plaintiffs' Counsel will provide Defendants' Counsel with any updated addresses for Plaintiffs.  If any checks to Plaintiffs are returned as undeliverable to Defendants, Defendants will mail the checks to Plaintiffs' counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks.  Any checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.  Failure to cure non-payment of one (1) of the 35 installments will result in the acceleration of the due date for all remaining payments.

41. **Distribution of Payments to Representative Plaintiff and Class Counsel:** Defendants will issue a $500.00 check payable to Representative Plaintiff for her Class Representative Payment and a $2,500.00 check to Class Counsel for expenses by mailing the checks within fourteen (14) calendar days after the Schedule of Individual Payments to the Class Members is filed.  Thereafter, Defendants will issue checks payable to Representative Plaintiff for her Individual Payments in accordance with the distribution of Individual Payments to Class Members.  Defendants will issue the attorneys' fees checks payable to The Lazzaro Law Firm via First-Class Mail in 35 monthly installments.  The first installment will be mailed within 45 calendar days after the Schedule of Individual Payments to the Class Members is filed.  The second installment will be mailed within 30 calendar days of the first installment.  The remaining 33 installments will be mailed within 30 calendars days after each previous installment.  Defendant will accelerate payments in the event that Failure to cure non-payment of one (1) of the 35 installments will result in the acceleration of the due date for all remaining payments.

42. **Unclaimed Payments:** All Individual Payments shall remain negotiable for an 8-month period after the date of each distribution.  To the extent there are any Individual Payments to any Class Members that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Defendants will advise Class Counsel of such amounts.  Any amounts not cashed after eight (8) months of distribution of the settlement checks shall be retained by Defendants.

## PARTIES' AUTHORITY

43. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

44. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

45. The Parties and Class Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

46. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## NO ADMISSION OF CLASS LIABILITY

47. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

48. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

49. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

50. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

51. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

52. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

53. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

54. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and distribution process.

## CLASS SIGNATORIES

55. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the Class Members. It is agreed that it is burdensome to have all of the Class Members execute this Agreement. This Agreement shall have the same force and effect as if each Class Member executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____       EBONIQUE LAWRENCE

 

                                        _____
                                        Representative Plaintiff, Individually
                                        and on Behalf of the Class Members

Dated: _____	MARC VASIL

_____

Dated: _____	PLATINUM HOME HELPER SERVICES, LTD.

_____

By:_____

Its:_____

Dated: _____	PLATINUM REHABILITATION LTD.

_____

By:_____

Its:_____

Dated: _____	CHASTITY L. CHRISTY
	THE LAZZARO LAW FIRM, LLC

_____
Class Counsel

Dated: _____	RICHARD N. SELBY, II
	DWORKEN & BERNSTEIN Co., LPA

_____
Defendants' Counsel

*Lawrence v. Platinum Home Helper Services, Ltd.*
**Appendix 1**

| Name | Minimum Payment | Maximum Payment |
|---|---|---|
| Adunts, Natalie | $1,930.73 | $4,928.00 |
| Anderson, Zoe | $555.36 | $1,417.50 |
| Arbitman, Inna | $1,429.63 | $3,649.00 |
| Armstead, Lateefah | $156.91 | $400.50 |
| Ayzenberg, Emmiliya | $2,662.19 | $6,795.00 |
| Bankston, Janise | $18,137.26 | $46,293.69 |
| Barnett, Jason | $815.41 | $2,081.25 |
| Benson, Felisha | $405.89 | $1,036.00 |
| Binshtok, Polina | $14.50 | $37.00 |
| Binshtok, Yakov | $259.75 | $663.00 |
| Borishchak, Jessica | $1,234.13 | $3,150.00 |
| Braginsky, Helen | $760.07 | $1,940.00 |
| Brown, Megan | $96.09 | $245.25 |
| Byers, Donna | $57.98 | $148.00 |
| Campbell, LeeAnn | $326.16 | $832.50 |
| Carter, Malcolm | $2,232.40 | $5,698.00 |
| Cartwright, Russell | $1,817.26 | $4,638.40 |
| Davison, Sharon | $126.94 | $324.00 |
| Dukstanskaya, Nadezda | $10,481.08 | $26,752.00 |
| Dukstanskiy, Vadim | $5,619.79 | $14,344.00 |
| Dye, Annie | $893.37 | $2,280.25 |
| Dyemisheva, Olga | $7,168.33 | $18,296.50 |
| Ford, Latonya | $179.39 | $457.88 |
| Foreman, Alicia | $522.06 | $1,332.50 |
| Foster, Patience | $111.07 | $283.50 |
| Friedman, Inessa | $7,145.41 | $18,238.00 |
| Gendraw, Shana | $35.26 | $90.00 |
| Glenn, Koqua | $174.54 | $445.50 |
| Harris, Dena | $2,697.01 | $6,883.88 |
| Ibragimova, Yulduz | $39.18 | $100.00 |
| Iskhakov, Roman | $215.48 | $550.00 |
| Iskhakova, Milana | $52.11 | $133.00 |
| Jemison, Stephanie | $35.26 | $90.00 |
| Komisarenko, Nina | $1,362.41 | $3,477.43 |
| Kondratiev, Alexei | $413.73 | $1,056.00 |
| Korotkova, Larisa | $711.09 | $1,815.00 |
| Korotkova, Natalia | $7.84 | $20.00 |
| Kovalsky, Vera | $20.57 | $52.50 |
| Krakovich, Sofia | $944.21 | $2,410.00 |
| Kravchuk, Eugeniya | $935.20 | $2,387.00 |
| Krivoborodova, Larisa | $3,141.74 | $8,019.00 |

Lawrence v. Platinum Home Helper Services, Ltd.
**Appendix 1**

| Name | Minimum Payment | Maximum Payment |
|---|---|---|
| Lawrence, Ebonique | $1,980.97 | $5,056.25 |
| Levikov, Ilya | $310.30 | $792.00 |
| Levikov, Nadya | $926.58 | $2,365.00 |
| Levy, Jane | $370.63 | $946.00 |
| Lewis, Leslie | $2,631.53 | $6,716.75 |
| Litovsky, Anna | $37.22 | $95.00 |
| Margolin, Lyubov | $3,089.63 | $7,886.00 |
| Margulis, Ella | $12,928.97 | $33,000.00 |
| Margulis, Igor | $3,870.66 | $9,879.50 |
| Martens, Chelsea | $639.40 | $1,632.00 |
| Martin, Zelma | $2,391.86 | $6,105.00 |
| McCubrey, Wendy | $311.67 | $795.50 |
| McNear, Jacqueline | $7.44 | $19.00 |
| Miles, Dawn | $204.71 | $522.50 |
| Morgan, Kimberly | $254.27 | $649.00 |
| Morgan, Kimnerly | $945.97 | $2,414.50 |
| Nepal, Bishnu | $76.40 | $195.00 |
| Nepal, Rewati | $362.30 | $924.75 |
| Noles, Sharmila | $18.61 | $47.50 |
| Osipova, Nataliya | $405.11 | $1,034.00 |
| Perkins, Alexandria | $7.05 | $18.00 |
| Peterson, Christina | $3,195.02 | $8,155.00 |
| Peterson, Codey | $133.21 | $340.00 |
| Popyk, Larysa | $160.63 | $410.00 |
| Render, Veronica | $701.30 | $1,790.00 |
| Reznikova, Mariya | $1,467.93 | $3,746.75 |
| Rockenberger, Olga | $50.93 | $130.00 |
| Rustamov, Tatyana | $37.61 | $96.00 |
| Savka, Oksana | $3.72 | $9.50 |
| Scroggins, Sherricka | $360.44 | $920.00 |
| Shoykhet, Larisa | $181.01 | $462.00 |
| Snopkova, Yekaterina | $415.88 | $1,061.50 |
| Starks, Vanista | $35.26 | $90.00 |
| Starobinets, Iosif | $1,402.79 | $3,580.50 |
| Stewart, Jerreka | $3,534.90 | $9,022.50 |
| Thomas, Marcus | $2,740.30 | $6,994.38 |
| Voloshenyuk, Tetyana | $2,413.41 | $6,160.00 |
| Watson, Pamela | $648.80 | $1,656.00 |
| Yanovitskiy, Yevgeniy | $4,076.74 | $10,405.50 |
| Zarbailov, Lilia | $1,077.41 | $2,750.00 |